**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT LOUISIANA**

TORI DAVIS, INDIVIDUALLY AND            )        CIVIL ACTION NO.
ON BEHALF OF HER MINOR CHILDREN,        )
KEYIA DAVIS, KEYIARA DAVIS,             )
AND KYLER DAVIS                         )
                                        )
                                        )
VERSUS                                  )        JUDGE _____
                                        )
AMAZON.COM, INC. and SHENZHEN           )
BASEUS TECHNOLOGY CO., LTD. d/b/a        )
BASEUS                                  )        MAG. JUDGE _____

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Tori Davis, individually and on behalf of her minor children, Keyia Davis, Keyiara Davis, and Kyler Davis, Plaintiff herein, a person of the full age of majority and domiciled in the Parish of Plaquemines, State of Louisiana, who asserts her claims against Defendants, as described herein as follows:

## PARTIES AND JURISDICTION

1. Amazon.com, Inc. ("Amazon.com") is a foreign corporation with its principal place of business in Seattle, Washington, incorporated in the State of Delaware.

2. Shenzhen Baseus Technology Co., Ltd. is a foreign corporation incorporated in the People's Republic of China and doing business in this case as Baseus ("Baseus"), with its principal place of business outside Louisiana.

3. The jurisdiction of this Court is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties. Plaintiff is a citizen of the State of Louisiana, while Defendant Amazon.com, Inc. is incorporated in Delaware with its principal place of business in Washington, and Defendant Shenzhen Baseus Technology Co., Ltd. is incorporated and headquartered in the People's Republic of China. The amount in

controversy exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

4. Additionally, jurisdiction is proper under federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims under the Consumer Product Safety Act (15 U.S.C. § 2051 et seq.), the Federal Trade Commission Act (15 U.S.C. § 41 et seq.), and the Magnuson-Moss Warranty Act (15 U.S.C. § 2301 et seq.).

5. Venue is proper in this Court under 28 U.S.C. § 1391 because the events giving rise to this litigation occurred within this District, and a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred within the State of Louisiana.

## FACTUAL ALLEGATIONS

6. On or about March 5, 2024, Plaintiff purchased a Baseus Magnetic Power Bank Battery Pack from Amazon.com, Inc., Order No. 114-0628306-2887468, which was delivered to Plaintiff within days of purchase.

7. On or about March 9, 2024, while the Baseus Magnetic Power Bank Battery Pack was plugged into the USB port in the front of Plaintiff's vehicle, the device ignited, causing a fire that engulfed the entire vehicle.

8. At the time of the fire, Plaintiff's minor children were inside the vehicle. Two of the children, Kyler and Keyiara Davis, managed to escape before the vehicle came to rest in a ditch. The third child, Keyia Davis, was unable to exit and sustained a broken hand, among other injuries.

## PRODUCT RECALL AND FEDERAL VIOLATIONS

9. On or about June 2024, the U.S. Consumer Product Safety Commission (CPSC) issued a recall for approximately 132,000 Baseus Magnetic Wireless Charging Power Banks due to severe fire and burn hazards. The recall affected:

a.  Baseus Magnetic Mini Wireless Fast Charge Power Bank 2022, 6000mAh 20W (Model PPCXM06)

b.  Baseus Magnetic Wireless Charging Power Bank 6000mAh 20W (Model PPCXW06)

10. The recall was prompted by at least 171 reports of overheating, including 132 cases of battery swelling and 39 fires, which resulted in 13 burn injuries and $20,000 in property damage.

11. The fire that injured Plaintiff's minor children is consistent with the hazards that led to the recall. Defendants knew or should have known that the power bank posed a risk of spontaneous overheating and combustion, yet they failed to issue timely warnings.

12. Pursuant to 15 U.S.C. § 2064(b) of the Consumer Product Safety Act (CPSA), manufacturers and distributors must immediately report known product defects that pose safety risks. Baseus failed to comply with this requirement, making them liable under federal law.

**CAUSES OF ACTION**

**Count 1- Louisiana Products Liability Act (La. R.S. 9:2800.51et seq.)**

13. Baseus and Amazon are strictly liable under La. R.S. 9:2800.54 for manufacturing, distributing, and selling a product that was unreasonably dangerous in:

a.  Construction or Composition (La. R.S. 9:2800.55) - The power bank deviated from safety standards, as evidenced by the widespread overheating incidents.

b.  Design (La. R.S. 9:2800.56) - Safer alternative designs were available that would have prevented the injuries.

c.  Failure to Warn (La. R.S. 9:2800.57) - Defendants knew of the risks but failed to provide adequate warnings.

d.  Breach of Express Warranty (La. R.S. 9:2800.58) - Defendants falsely marketed the power bank as safe and reliable.

**Count 2 – Negligence**

14. Defendants Amazon.com, Inc. and Shenzhen Baseus Technology Co., Ltd. owed a duty of care to consumers, including Plaintiff and her minor children, to design, manufacture, market, distribute, and sell products that were reasonably safe for their intended use.

15. Defendants breached this duty by negligently designing, manufacturing, and selling the Baseus Magnetic Power Bank Battery Pack, which contained dangerous defects that made it prone to overheating, catching fire, and causing serious physical harm under normal usage conditions.

16. Defendants knew or should have known that:

    a. The lithium-ion battery design was prone to thermal runaway and combustion;

    b. The power bank lacked adequate overheating protections to prevent fires;

    c. Multiple prior incidents of overheating, fire, and property damage had been reported before the product was recalled;

    d. The U.S. Consumer Product Safety Commission (CPSC) recall in June 2024 confirmed the significant dangers posed by this product.

17. Despite actual and constructive knowledge of these risks, Defendants failed to take reasonable precautions, including but not limited to:

    a. Failing to issue timely warnings to consumers about the defect;

    b. Continuing to market and sell the defective product even after multiple incidents of fire-related injuries;

    c. Failing to conduct adequate safety testing to prevent foreseeable harm;

    d. Failing to remove the hazardous product from the market before Plaintiff's purchase.

18. As a direct and proximate result of Defendants' negligence, Plaintiff and her minor children suffered:

a.  Severe physical injuries requiring medical treatment;

b.  Emotional distress, mental anguish, and trauma due to the terrifying nature of the fire;

c.  Total loss of their vehicle and personal property;

d.  Significant financial burdens, including medical costs and expenses related to the loss of transportation.

19. Defendants' conduct was not mere oversight but instead grossly negligent, given their awareness of the defectand failure to take corrective action before Plaintiff's injuries occurred.

20. Accordingly, Plaintiff seeks all compensatory damages available under Louisiana law, including past, present, and future medical expenses, emotional distress damages, lost property damages, and all other relief deemed just and proper.

### Count 3 – Violation of Louisiana Civil Code Article 2004

21. Louisiana Civil Code Article 2004 states that any contractual provision that excludes or limits liability for physical injury caused by a party's fault is null, void, and unenforceable.

22. Defendants Amazon.com, Inc. and Shenzhen Baseus Technology Co., Ltd. expressly marketed and sold the Baseus Magnetic Power Bank Battery Pack as a safe and reliable product for consumer use, yet failed to disclose known fire hazards and risks of spontaneous combustion.

23. Defendants may attempt to rely on terms of sale, disclaimers, or limitation-of-liability clauses to argue that Plaintiff waived any right to sue for damages caused by the defective product. However, pursuant to La. C.C. Art. 2004, any attempt to limit or exclude liability for personal injury caused by a defective product is unenforceable as a matter of law.

24. The Baseus power bank was recalled in June 2024 due to numerous reports of fires, injuries, and property damage, confirming that Defendants knew or should have known of the defect

before Plaintiff's purchase. Despite this, Defendants failed to issue timely warnings or notify consumers of the danger.

25. Because Defendants knew of the hazardous condition of the power bank yet failed to act, they cannot escape liability by invoking disclaimers, limitations of warranty, or any other contractual provision attempting to absolve themselves of responsibility.

26. Accordingly, Plaintiff seeks a declaratory judgment that any such limitation clauses relied upon by Defendants are null and void under Louisiana Civil Code Article 2004, and that Defendants are fully liable for the injuries and damages sustained by Plaintiff and her minor children.

### Count 4 – Redhibition (La. C.C. Art. 2520)

27. Louisiana Civil Code Article 2520 provides that a seller warrants a product is free from hidden defects that make it useless, unfit for its intended purpose, or pose a serious risk of harm.

28. The Baseus Magnetic Power Bank Battery Pack contained redhibitory defects at the time of sale, as it was prone to overheating, swelling, and catching fire, rendering it unfit for its intended use and dangerous to consumers.

29. Plaintiff reasonably relied on Defendants' express and implied warranties that the product was safe for normal use. However, the product was later recalled due to documented overheating and fire hazards, confirming that the defect existed when the power bank left the manufacturer's control.

30. Because Defendants failed to disclose the defect and continued selling the product, Plaintiff is entitled to:

a. Rescission of the sale;

b. Refund of the purchase price;

c. Compensatory damages for all resulting harm; and

    d.   Reasonable attorneys' fees and litigation costs pursuant to La. C.C. Art. 2545.

### Count 5 – Consumer Product Safety Act (15 U.S.C. § 2051 et seq.)

31. Defendants violated 15 U.S.C. § 2064(b) by failing to promptly report the known safety risks of the power bank.

### Count 6 – Federal Trade Commission Act (15 U.S.C. § 41 et seq.)

32. Defendants engaged in deceptive trade practices by falsely marketing the power bank as safe, violating 15 U.S.C. § 45(a).

### Count 7 – Magnuson-Moss Warranty Act (15 U.S.C. § 2301 et seq.)

33. Defendants breached express and implied warranties under 15 U.S.C. § 2301, making them liable for damages.

### DAMAGES

34. As a direct and proximate result of the defective Baseus Magnetic Power Bank Battery Pack, Plaintiff and her minor children suffered physical injuries, emotional distress, pain and suffering, and incurred medical expenses for which they are entitled to compensation. As a result of the fire and resulting injuries, Plaintiff and her minor children have endured significant physical, emotional, and financial hardships, including but not limited to:

    a. Past, present, and future medical expenses related to treatment of physical injuries;

    b. Loss of use of their vehicle and associated transportation costs;

    c. Pain, suffering, mental anguish, and emotional distress suffered by both Plaintiff and her minor children;

    d. Permanent physical impairment and/or disfigurement;

    e. Economic losses, including loss of personal property and costs associated with replacement or repair, lost wages, and lost earing capacity;

f. Any and all other damages that may be proven at trial.

35. Plaintiff further suffered the total loss of her vehicle and other personal property, for which she is entitled to reimbursement.

## JURY DEMAND

36. Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against Defendants, Amazon.com, Inc. and Shenzhen Baseus Technology Co., Ltd., jointly and severally, and requests that the Court award the following relief:

1. Compensatory damages for all injuries suffered by Plaintiff and her minor children, including but not limited to:

   a. Past, present, and future medical expenses related to treatment of injuries sustained in the fire;

   b. Physical pain and suffering, including permanent disfigurement and impairment;

   c. Mental anguish, emotional distress, and psychological trauma suffered by Plaintiff and her minor children;

   d. Loss of use of their vehicle and associated transportation costs;

   e. Economic losses, including the destruction of personal property and the costs of repair or replacement;

2. Civil penalties and damages under federal law, including:

   a. Consumer Product Safety Act (15 U.S.C. § 2051 et seq.) penalties and damages for Defendants' failure to report known safety defects;

   b. Federal Trade Commission Act (15 U.S.C. § 41 et seq.) penalties and damages for deceptive trade practices and false advertising;

    c.   Magnuson-Moss Warranty Act (15 U.S.C. § 2301 et seq.) damages for breach of express and implied warranties, including attorneys' fees;

3.   Declaratory relief under Louisiana Civil Code Article 2004, declaring that any contractual provisions purporting to limit Defendants' liability for personal injury or property damage are null and void;

4.   Redhibition damages under Louisiana Civil Code Article 2520, including:

    a.   Rescission of the sale of the Baseus Magnetic Power Bank Battery Pack;

    b.   Refund of the purchase price paid by Plaintiff;

    c.   Attorneys' fees and litigation costs pursuant to Louisiana Civil Code Article 2545;

5.   Judicial interest on all amounts awarded from the date of judicial demand;

6.   Reasonable attorneys' fees, litigation costs, and expert witness fees where recoverable under Louisiana or federal law; and

7.   Any and all other relief that this Court deems just and proper.

.

Respectfully Submitted:

**PEARSON & MITCHELL LLC**

_____

ROBERT A. PEARSON (#33492)
4480 General Degaulle Dr., Suite 115
New Orleans, Louisiana 70131
Telephone: (504) 483-9050
Facsimile: (800) 695-9056
E-mail: rpearson@pearsonmitchell.com
Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT LOUISIANA**

| | | |
|---|---|---|
| TORI DAVIS, INDIVIDUALLY AND | ) | CIVIL ACTION NO. |
| ON BEHALF OF HER MINOR CHILDREN, | ) | |
| KEYIA DAVIS, KEYIARA DAVIS, | ) | |
| AND KYLER DAVIS | ) | |
| | ) | |
| | ) | |
| VERSUS | ) | JUDGE _____ |
| | ) | |
| AMAZON.COM, INC. and SHENZHEN | ) | |
| BASEUS TECHNOLOGY CO., LTD. d/b/a | ) | |
| BASEUS | ) | MAG. JUDGE _____ |

## VERIFICATION

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

   **BEFORE ME**, the undersigned Notary Public, personally came and appeared:

**TORI DAVIS**

who, after being duly sworn did declare and state that he has reviewed the allegations of facts contained within the foregoing "**COMPLAINT**" and that the allegations contained therein are true and correct, to the best of her knowledge, information and belief.

_____T. Davis_____
**TORI DAVIS**

   **SWORN TO AND SUBSCRIBED**, before me, Notary Public, Parish of Orleans, State of Louisiana, this ___10th___ day of _____March_____, 2025.

_____
**NOTARY PUBLIC**
Robert A. Pearson
LA Bar Roll No.: 33492