**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT LOUISIANA**

| | | |
|---|---|---|
| TORI DAVIS, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILDREN, K.D1, K.D2., and K.D3. | ) ) ) ) ) ) | CIVIL ACTION NO. 2:25-cv-00468 |
| VERSUS | ) ) | JUDGE MORGAN |
| AMAZON.COM, INC. and SHENZHEN BASEUS TECHNOLOGY CO., LTD. d/b/a BASEUS | ) ) ) | MAG. JUDGE ROBY |

## SECOND SUPPLEMENTAL AND AMENDING COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, TORI DAVIS,

individually and on behalf of her minor children, who respectfully files this Second Supplemental

and Amending Complaint pursuant to the Court's Order dated October 21, 2025 (Rec. Doc. 23),

granting leave to amend to fully and completely address all grounds raised in Defendant

Amazon.com, Inc.'s Motion to Dismiss. This amendment clarifies and supplements factual

allegations and legal bases for each claim while re-verifying the prior pleadings.

### PARTIES AND JURISDICTION

1.  Plaintiff Tori Davis is a citizen and domiciliary of the State of Louisiana.

2.  Defendant Amazon.com, Inc. ("Amazon") is a Delaware corporation authorized to do and

    doing business in Louisiana.

3.  Defendant Shenzhen Baseus Technology Co., Ltd. ("Baseus") is a foreign entity organized

    under the laws of the People's Republic of China.

4.  Jurisdiction is proper under 28 U.S.C. §§ 1331, 1332, and 1367.

5.  Venue is proper in this District under 28 U.S.C. § 1391(b) because the acts and injuries

    occurred in the Eastern District of Louisiana.

6. Amazon acted not only as an online marketplace operator but as a seller, distributor, and manufacturer within the meaning of La. R.S. 9:2800.53(1), exercising control over product selection, marketing, fulfillment, labeling, and pricing for the Baseus magnetic power bank that injured Plaintiff.

## FACTUAL ALLEGATIONS

7. On or about March 5, 2024, Plaintiff purchased a Baseus Magnetic Mini Wireless Fast Charge Power Bank 6000 mAh 20 W (Model PPCXM06) through Amazon.com, Order No. 114-0628306-2887468.

8. The product was marketed by Amazon as compatible and safe for use in motor vehicles and mobile devices.

9. On March 9, 2024, while charging in Plaintiff's vehicle, the Baseus power bank ignited spontaneously, causing flames and heavy smoke. The fire injured Plaintiff and her children and destroyed personal property within the vehicle.

10. Plaintiff later learned that Amazon and Baseus were aware of numerous overheating incidents before her purchase. In June 2024, the Consumer Product Safety Commission (CPSC) announced a recall of 132,000 Baseus magnetic power banks for the same defect—reporting 171 overheating events, 39 fires, and 13 burn injuries.

11. Amazon had constructive and actual knowledge of the defect before the sale yet failed to remove the listing, warn purchasers, or stop fulfillment from its warehouses.

12. The product was completely destroyed in the fire, rendering any return or repair impossible.

13. Because the product combusted and was unsafe, notice to Amazon was excused under La. C.C. art. 2548; any opportunity to cure would have been futile.

14. As a result of the fire, Plaintiff sustained physical injuries, pain and suffering, property damage, and emotional distress, along with medical expenses and lost use of her vehicle.

### PRIOR KNOWLEDGE AND RECALL

15. On or about June 2024, the U.S. Consumer Product Safety Commission (CPSC) announced a recall of approximately 132,000 Baseus Magnetic Wireless Charging Power Banks due to fire and burn hazards.

16. The recall covered models PPCXM06 and PPCXW06 after at least 171 overheating incidents, including 39 fires and 13 burn injuries.

17. The fire in Plaintiff's case was consistent with the same defect and hazard reported in the CPSC recall.

18. Before Plaintiff's purchase, both Defendants knew or should have known that these power banks presented a substantial risk of overheating and spontaneous combustion.

19. Amazon received customer complaints, safety notices, and product-return data demonstrating repeated overheating incidents but continued to market and fulfill orders without adequate warnings.

### CAUSES OF ACTION

### Count 1- Louisiana Products Liability Act (La. R.S. 9:2800.51et seq.)

20. Plaintiff re-alleges Paragraphs 1–19.

21. Defendant Baseus, as the manufacturer, is liable under La. R.S. 9:2800.54 for placing into commerce a product that was unreasonably dangerous in one or more of the following ways:

    a. Construction or Composition (La. R.S. 9:2800.55): the product deviated from performance and safety standards, making it prone to overheating and ignition;

b. Design (La. R.S. 9:2800.56): safer, feasible alternative designs existed that would have prevented or minimized the risk of fire;

c. Failure to Warn (La. R.S. 9:2800.57): Defendants failed to provide adequate warnings or instructions regarding the risk of overheating or fire; and

d. Express Warranty (La. R.S. 9:2800.58): Baseus expressly represented that the power bank was safe, reliable, and protected against overheating.

22. Defendant Amazon, as a professional seller and distributor, is liable under La. R.S. 9:2800.53(1) and 9:2800.58 for selling and distributing the defective power bank, representing its safety, and failing to warn consumers once it became aware of the product's hazards.

### Count 2 – Negligence

23. Plaintiff re-alleges Paragraphs 1–19.

24. In the alternative to Count 1, Amazon is liable in negligence for:

a. Failing to exercise reasonable care in screening, marketing, and distributing defective products;

b. Failing to monitor and remove products subject to safety complaints or recall; and

c. Failing to warn consumers of known fire hazards.

25. Amazon's violations of 15 U.S.C. § 2064(b) (duty to report hazardous products under the CPSA) constitute negligence per se or evidence of breach of duty.

26. Amazon owed a duty of care to consumers to exercise reasonable diligence in marketing, selling, and fulfilling orders for products that were safe for their intended use.

27. Amazon breached that duty by:

a. Failing to monitor and act upon consumer complaints and reports of overheating before March 2024;

    b. Continuing to advertise and sell the Baseus power banks after receiving notice of safety risks; and

    c. Failing to suspend or remove the defective product from its marketplace before the CPSC recall.

28. Amazon's negligence directly and proximately caused Plaintiff's injuries and damages.

29. Defendants breached this duty by negligently designing, manufacturing, and selling the Baseus Magnetic Power Bank Battery Pack, which contained dangerous defects that made it prone to overheating, catching fire, and causing serious physical harm under normal usage conditions.

30. Defendants knew or should have known that:

    a. The lithium-ion battery design was prone to thermal runaway and combustion;

    b. The power bank lacked adequate overheating protections to prevent fires;

    c. Multiple prior incidents of overheating, fire, and property damage had been reported before the product was recalled;

    d. The U.S. Consumer Product Safety Commission (CPSC) recall in June 2024 confirmed the significant dangers posed by this product.

31. Despite actual and constructive knowledge of these risks, Defendants failed to take reasonable precautions, including but not limited to:

    a. Failing to issue timely warnings to consumers about the defect;

    b. Continuing to market and sell the defective product even after multiple incidents of fire-related injuries;

    c. Failing to conduct adequate safety testing to prevent foreseeable harm;

    d. Failing to remove the hazardous product from the market before Plaintiff's purchase.

32. As a direct and proximate result of Defendants' negligence, Plaintiff and her minor children suffered:

   a. Severe physical injuries requiring medical treatment;

   b. Emotional distress, mental anguish, and trauma due to the terrifying nature of the fire;

   c. Total loss of their vehicle and personal property;

   d. Significant financial burdens, including medical costs and expenses related to the loss of transportation.

33. Defendants' conduct was not mere oversight but instead grossly negligent, given their awareness of the defect and failure to take corrective action before Plaintiff's injuries occurred.

34. Accordingly, Plaintiff seeks all compensatory damages available under Louisiana law, including past, present, and future medical expenses, emotional distress damages, lost property damages, and all other relief deemed just and proper.

### Count 3 – Declaratory Relief (Louisiana Civil Code Article 2004)

35. Louisiana Civil Code Article 2004 states that any contractual provision that excludes or limits liability for physical injury caused by a party's fault is null, void, and unenforceable.

36. Defendants Amazon.com, Inc. and Shenzhen Baseus Technology Co., Ltd. expressly marketed and sold the Baseus Magnetic Power Bank Battery Pack as a safe and reliable product for consumer use, yet failed to disclose known fire hazards and risks of spontaneous combustion.

37. Defendants may attempt to rely on terms of sale, disclaimers, or limitation-of-liability clauses to argue that Plaintiff waived any right to sue for damages caused by the defective product. However, pursuant to La. C.C. Art. 2004, any attempt to limit or exclude liability for personal injury caused by a defective product is unenforceable as a matter of law.

38. The Baseus power bank was recalled in June 2024 due to numerous reports of fires, injuries, and property damage, confirming that Defendants knew or should have known of the defect before Plaintiff's purchase. Despite this, Defendants failed to issue timely warnings or notify consumers of the danger.

39. Because Defendants knew of the hazardous condition of the power bank yet failed to act, they cannot escape liability by invoking disclaimers, limitations of warranty, or any other contractual provision attempting to absolve themselves of responsibility.

40. Plaintiff seeks, in the alternative, a declaration that any clause purporting to limit Amazon's liability for defective products is null as against public policy under La. C.C. art. 2004.

41. This count does not seek duplicative damages but preserves Plaintiff's right to challenge any contractual limitation raised by Defendant.

### Count 4 – Redhibition (La. C.C. Art. 2520)

42. Louisiana Civil Code Article 2520 provides that a seller warrants a product is free from hidden defects that make it useless, unfit for its intended purpose, or pose a serious risk of harm.

43. The Baseus Magnetic Power Bank Battery Pack contained redhibitory defects at the time of sale, as it was prone to overheating, swelling, and catching fire, rendering it unfit for its intended use and dangerous to consumers.

44. Plaintiff reasonably relied on Defendants' express and implied warranties that the product was safe for normal use. However, the product was later recalled due to documented overheating and fire hazards, confirming that the defect existed when the power bank left the manufacturer's control.

45. Because the product self-destructed and posed immediate danger, notice and opportunity to repair were excused.

46. Because Defendants failed to disclose the defect and continued selling the product, Plaintiff is entitled to:

a. Rescission of the sale;

b. Refund of the purchase price;

c. Compensatory damages for all resulting harm; and

d. Reasonable attorneys' fees and litigation costs pursuant to La. C.C. Art. 2545.

## Count 5 – Negligence Per Se Based on

## Consumer Product Safety Act (15 U.S.C. § 2064(b) et seq.)

47. Defendant Amazon's failure to timely notify the CPSC and consumers of known hazards under 15 U.S.C. § 2064(b) further demonstrates breach of duty and reckless disregard for consumer safety. This count is not asserted as a private statutory right but as evidence supporting negligence and LPLA liability.

## Count 6 – Deceptive and Unfair Trade Practices (Predicate for Fraud)

48. Defendant Amazon represented that the Baseus power bank was "safe," "certified," and "compliant," despite knowledge of prior overheating events.

49. Such misrepresentations and omissions constitute fraudulent concealment under La. C.C. art. 1953 and serve as predicate evidence of negligence and redhibition.

## Count 7 – Magnuson-Moss Warranty Act (15 U.S.C. § 2301 et seq.)

50. Plaintiff purchased a consumer product within the meaning of the Act.

51. Amazon provided express and implied warranties that the product was safe and merchantable.

52. The product failed to conform to those warranties, causing injury and loss.

53. Because the defect rendered the product unsafe and destroyed it, any "opportunity to cure" was futile.

54. Plaintiff is entitled to damages, costs, and attorney's fees under 15 U.S.C. § 2310(d).

## DAMAGES

55. As a direct and proximate result of the defective Baseus Magnetic Power Bank Battery Pack, Plaintiff and her minor children suffered physical injuries, emotional distress, pain and suffering, and incurred medical expenses for which they are entitled to compensation. As a result of the fire and resulting injuries, Plaintiff and her minor children have endured significant physical, emotional, and financial hardships, including but not limited to:

   a. Past, present, and future medical expenses related to treatment of physical injuries;

   b. Loss of use of their vehicle and associated transportation costs;

   c. Pain, suffering, mental anguish, and emotional distress suffered by both Plaintiff and her minor children;

   d. Permanent physical impairment and/or disfigurement;

   e. Economic losses, including loss of personal property and costs associated with replacement or repair, lost wages, and lost earning capacity;

   f. Any and all other damages that may be proven at trial.

56. Plaintiff further suffered the total loss of her vehicle and other personal property, for which she is entitled to reimbursement.

## JURY DEMAND

57. Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against Defendants, Amazon.com, Inc. and Shenzhen Baseus Technology Co., Ltd., jointly and severally, and requests that the Court award the following relief:

1. Compensatory damages for all injuries suffered by Plaintiff and her minor children, including but not limited to:

   a. Past, present, and future medical expenses related to treatment of injuries sustained in the fire;

   b. Physical pain and suffering, including permanent disfigurement and impairment;

   c. Mental anguish, emotional distress, and psychological trauma suffered by Plaintiff and her minor children;

   d. Loss of use of their vehicle and associated transportation costs;

   e. Economic losses, including the destruction of personal property and the costs of repair or replacement;

2. Civil penalties and damages under federal law, including:

   a. Consumer Product Safety Act (15 U.S.C. § 2051 et seq.) penalties and damages for Defendants' failure to report known safety defects;

   b. Federal Trade Commission Act (15 U.S.C. § 41 et seq.) penalties and damages for deceptive trade practices and false advertising;

   c. Magnuson-Moss Warranty Act (15 U.S.C. § 2301 et seq.) damages for breach of express and implied warranties, including attorneys' fees;

3. Declaratory relief under Louisiana Civil Code Article 2004, declaring that any contractual provisions purporting to limit Defendants' liability for personal injury or property damage are null and void;

4. Redhibition damages under Louisiana Civil Code Article 2520, including:

   a. Rescission of the sale of the Baseus Magnetic Power Bank Battery Pack;

   b. Refund of the purchase price paid by Plaintiff;

    c.   Attorneys' fees and litigation costs pursuant to Louisiana Civil Code Article 2545;

5.   Judicial interest on all amounts awarded from the date of judicial demand;

6.   Reasonable attorneys' fees, litigation costs, and expert witness fees where recoverable under Louisiana or federal law; and

7.   Any and all other relief that this Court deems just and proper.

Respectfully Submitted:

**PEARSON & MITCHELL LLC**

_____
ROBERT A. PEARSON (#33492)
4480 General Degaulle Dr., Suite 115
New Orleans, Louisiana 70131
Telephone: (504) 483-9050
Facsimile: (800) 695-9056
E-mail: rpearson@pearsonmitchell.com
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that on November 3, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

_____
**Robert A. Pearson**