**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT LOUISIANA**

| | | |
|---|---|---|
| TORI DAVIS, INDIVIDUALLY AND | ) | CIVIL ACTION NO. 2:25-cv-00468 |
| ON BEHALF OF HER MINOR CHILDREN, | ) | |
| K.D1, K.D2., and K.D3. | ) | |
| | ) | |
| | ) | |
| | ) | |
| VERSUS | ) | JUDGE SUSIE MORGAN |
| | ) | |
| AMAZON.COM, INC. and SHENZHEN | ) | |
| BASEUS TECHNOLOGY CO., LTD. d/b/a | ) | |
| BASEUS | ) | MAG. JUDGE KAREN W. ROBY |

<u>**PLAINTIFF'S RESPONSE TO DEFENDANT AMAZON.COM, INC.'S**
**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS COUNT 2**</u>

## I. INTRODUCTION

Defendant Amazon.com, Inc. ("Amazon") contends that the Louisiana Supreme Court's decision in *Pickard v. Amazon.com, Inc.*, 387 So.3d 515 (La. 2024), mandates dismissal of Plaintiff's negligence claim. It does not.

Pickard confirms that an online marketplace operator may assume a duty under <u>Restatement (Second) of Torts § 324A</u> and be held liable for negligent performance of that voluntarily undertaken duty.[1] The decision does not foreclose such claims at the pleading stage. Rather, it recognizes their doctrinal viability.

At this juncture, the Court's inquiry is governed by Rule 12(b)(6). The question is whether Plaintiff has alleged facts that plausibly state a claim for relief. She has.

## II. PICKARD RECOGNIZES NEGLIGENT UNDERTAKING LIABILITY AGAINST ONLINE MARKETPLACE OPERATORS

---

[1] *Pickard v. Amazon.com, Inc.*, 387 So.3d 515, 522–23 (La. 2024).

In *Pickard*, the Louisiana Supreme Court expressly held that although Louisiana has not created a standalone statutory cause of action for assumption of duty, Section 324A of the Restatement (Second) of Torts applies to determine whether an online marketplace operator assumed a duty owed by a third-party seller.[2]

The Court articulated a two-step inquiry:

1. Whether the defendant undertook to render services it should recognize as necessary for the protection of third persons; and

2. Whether liability arises because the defendant's failure increased the risk of harm, undertook another's duty, or induced reliance.[3]

The Court did not hold that negligent undertaking claims fail as a matter of law against Amazon. To the contrary, it confirmed that such claims may proceed where adequately supported by facts.

## III. PLAINTIFF HAS PLAUSIBLY ALLEGED A VOLUNTARY UNDERTAKING

Amazon argues that Plaintiff did not expressly label her claim as "negligent undertaking." That argument is misplaced.

*McNeal v. Louisiana Department of Public Safety* in 2022 emphasized that Federal Rules permit pleading in the alternative and that federal pleading rules do not countenance dismissal of complaint for imperfect statement of legal theory supporting claim asserted.[4] A complaint's failure to employ specific terminology does not defeat a theory that is supported by its factual allegations.

Plaintiff alleges that Amazon:

a. Operates and controls an online marketplace platform;

---

[2] *Id.* at 523

[3] *Id.*

[4] McNeal v. Louisiana Department of Public Safety & Corrections, 598 F.Supp.3d 428 (2022)

b.  Implements policies for screening and monitoring products;

c.  Maintains procedures for removing unsafe or recalled products;

d.  Facilitates distribution of products through its platform; and

e.  Failed to remove or prevent distribution of a product later subject to recall.

These allegations describe affirmative safety-related conduct. Under *Pickard*, an online marketplace operator may assume duties through such undertakings.[5]

At the pleading stage, Plaintiff need only allege facts supporting a plausible inference that Amazon undertook services necessary for consumer protection and failed to exercise reasonable care in performing them. She has done so.

## IV. INCREASED RISK AND RELIANCE ARE FACTUAL DETERMINATIONS NOT RESOLVED ON A MOTION TO DISMISS

Amazon contends that Plaintiff has not sufficiently alleged "increased risk" or "reliance."

Section 324A provides alternative bases for liability.[6] Whether Amazon's conduct increased the risk of harm, undertook another's duty, or induced reliance presents fact-intensive questions ill-suited for resolution under Rule 12(b)(6).

Courts applying Louisiana law have recognized that negligent undertaking claims depend on the scope of the defendant's involvement, authority, and intent.[7] Those inquiries necessarily require factual development.

Section 324A(a) imposes liability where a defendant's failure to exercise reasonable care increases the risk of harm. Plaintiff alleges that Amazon undertook product monitoring and removal procedures and failed to remove a product later subject to recall. By facilitating

---

[5] *Pickard,* 387 So.3d at 523–24

[6] *Id.* at 523; *Morvant v. Oil States Int'l, Inc.*, 3 F. Supp. 3d 561, 567 (E.D. La. 2014)

[7] *Harris Builders, L.L.C. v. URS Corp.*, 861 F. Supp. 2d 746, 757 (E.D. La. 2012)

distribution of the product through its marketplace while representing that it maintains safety monitoring systems, Amazon materially increased the risk that consumers would encounter the defective product through a platform that presents itself as safety-regulated.

At the pleading stage, these allegations plausibly support increased risk within the meaning of § 324A(a).

Plaintiff alleges that Amazon's marketplace operations facilitated the distribution of a defective and recalled product to consumers. That allegation is sufficient to plausibly support increased risk at this stage.

## V. THE LPLA'S EXCLUSIVITY PROVISION DOES NOT BAR PLAINTIFF'S CLAIM

Amazon argues that the Louisiana Products Liability Act ("LPLA") subsumes Plaintiff's negligence claim. This argument fails for two independent reasons.

### A. LPLA Exclusivity Applies to Manufacturers

The LPLA provides the exclusive theories of recovery for damage caused by a product against a manufacturer.[8] Louisiana courts consistently hold that negligence is not an independent theory of recovery against a manufacturer outside the LPLA.[9]

Amazon has consistently maintained that it is neither a manufacturer nor a traditional seller within the meaning of the LPLA. Having disclaimed manufacturer status, it cannot invoke the manufacturer-only exclusivity provision of La. R.S. 9:2800.52.

### B. Plaintiff's Claim Is Based on Independent Conduct

Even where the LPLA applies, courts recognize that negligent conduct independent of the product's defective condition may give rise to liability.[10]

---

[8] La. R.S. 9:2800.52

[9] *Jefferson v. Lead Indus. Ass'n, Inc.*, 930 F. Supp. 241, 245 (E.D. La. 1996), aff'd, 106 F.3d 1245 (5th Cir. 1997); *Bezet v. Smith & Wesson Corp.*, No. 08-685, 2009 WL 632080, at *1 (M.D. La. Mar. 11, 2009)

[10] *Colbert v. Sonic Rests., Inc.*, 741 F. Supp. 2d 764, 770 (W.D. La. 2010)

In *Lavergne v. America's Pizza Co., LLC*, the court explained that while the LPLA eliminates general negligence claims for damages caused by a product defect, it does not eliminate liability for negligent conduct independent of the defect itself.[11]

Here, Plaintiff's negligence claim is based on Amazon's operational conduct, screening, monitoring, and safety administration of its marketplace, not solely on the product's defective condition. That distinction is consistent with the framework recognized in *Pickard*.

## VI. SELLER STATUS AND OWNERSHIP DO NOT DEFEAT A NEGLIGENT UNDERTAKING CLAIM

Amazon again asserts that it cannot be liable because it did not hold title to the product.

In *Pickard*, the Louisiana Supreme Court rejected importing Civil Code ownership requirements into the LPLA's definition of "seller," holding that possession includes physical custody and control without regard to ownership.[12]

More fundamentally, negligent undertaking liability under Section 324A does not depend upon seller status at all. It arises from voluntary assumption of duty.

Whether Amazon ultimately qualifies as a "seller" under the LPLA is separate from whether it assumed a duty through its marketplace operations.

## VII. THIS CASE IS AT THE PLEADING STAGE

Amazon's supplemental memorandum relies heavily on post-remand rulings issued after discovery in other proceedings. Those rulings addressed developed factual records.

This Court is evaluating the sufficiency of allegations under Rule 12(b)(6).

Under *Pickard* and longstanding negligent undertaking principles, Plaintiff's allegations plausibly state a claim.

---

[11] *Lavergne v. Am.'s Pizza Co., LLC*, 838 So.2d 845, 848 (La. App. 3 Cir. 2003)
[12] Pickard, 387 So.3d at 521–22

Dismissal is therefore improper.

## VIII. CONCLUSION

The Louisiana Supreme Court's decision in *Pickard* does not mandate dismissal of Plaintiff's negligence claim. It confirms that online marketplace operators may assume duties under Section 324A and be liable for negligent performance of those duties. Plaintiff has plausibly alleged such an undertaking.

At most, Defendant's arguments raise factual disputes concerning the scope of Amazon's undertaking, disputes that *Pickard* confirms are for the trier of fact, not resolution on a Rule 12 motion.

For these reasons, Defendant's Motion to Dismiss Count 2 should be denied.

Respectfully Submitted:

**PEARSON & MITCHELL LLC**

/s/ Robert A. Pearson

_____

ROBERT A. PEARSON (#33492)
4480 General Degaulle Dr., Suite 115
New Orleans, Louisiana 70131
Telephone: (504) 483-9050
E-mail: rpearson@pearsonmitchell.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2026, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.

/s/ Robert A. Pearson

_____

ROBERT A. PEARSON (#33492)