**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**TORI DAVIS,**                                                    **CIVIL ACTION**
 **Plaintiff**

**VERSUS**                                                         **NO.  25-468**

**AMAZON.COM, INC., ET AL.,**                                      **SECTION: "E" (4)**
 **Defendants**

## ORDER AND REASONS

Before the Court is Defendant Amazon.com, Inc.'s ("Defendant" or "Amazon") Partial Motion to Dismiss Plaintiff's Second Supplemental and Amending Complaint, seeking dismissal of Counts 2 through 7.[1] Plaintiff Tori Davis, individually, and on her behalf of her minor children KD1, KD2, and KD3, filed an opposition.[2] Defendant filed a reply.[3] Subsequently, the Court ordered the parties to submit supplemental briefings.[4] Defendant timely filed a supplemental brief, and Plaintiff timely filed a response.[5]

## BACKGROUND

### I.    Factual Background

On March 10, 2025, Plaintiff filed this action against Amazon and Shenzen Baseus Technology Co., LTD d/b/a Baseus ("Baseus"), seeking damages for alleged injuries sustained by Plaintiff and her minor children arising from a Baseus Magnetic Power Bank ("Baseus Power Bank") manufactured by Baseus and purchased through Amazon.[6]

Plaintiff alleges that on March 9, 2024 she charged the Baseus Power Bank in her

---

[1] R. Doc. 28.
[2] R. Doc. 29.
[3] R. Doc. 30.
[4] R. Doc. 37.
[5] R. Doc. 38; R. Doc. 40.
[6] R. Doc. 24 at p. 2.

1

vehicle. While it was charging, the Baseus Power Bank spontaneously ignited, producing flames and heavy smoke.[7] According to Plaintiff, the fire caused physical injuries to her and her minor children and destroyed personal property located inside the vehicle and the vehicle itself.[8] Plaintiff alleges the Baseus Power Bank was defective and that, as a result, she and her children suffered physical injuries, emotional distress, pain and suffering, and incurred medical expenses.[9]

## II.   Procedural Background

Plaintiff asserts the following causes of action against Amazon and Baseus: (Count 1) a claim under the Louisiana Products Liability Act ("LPLA"), La. R.S. 9:2800.51 *et seq.*;[10] (Count 2) a Louisiana state-law claim for negligence;[11] (Count 3) a Louisiana state-law claim for declaratory relief;[12] (Count 4) a Louisiana state-law claim for redhibition;[13] (Count 5) a claim for negligence per se based on the Federal Consumer Product Safety Act, 15 U.S.C. § 2064(b), *et seq.*;[14] (Count 6) a Louisiana state-law claim for deceptive and unfair trade practices;[15] and (Count 7) a claim under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*[16]

On November 17, 2025, Amazon filed the instant Motion to Dismiss.[17] Amazon seeks dismissal with prejudice of the non-LPLA causes of action asserted in Counts 2 through 7 of the Second Supplemental and Amending Complaint.[18]

---

[7] *Id.*.
[8] *Id.*
[9] *Id.* at p. 9.
[10] *Id.* at pp. 3-4.
[11] *Id.* at pp. 4-6.
[12] *Id.* at pp. 6-7.
[13] *Id.* at pp. 7-8.
[14] *Id.* at p. 8.
[15] *Id.*
[16] *Id.* at pp. 8-9.
[17] R. Doc. 28.
[18] *Id.*

On February 6, 2026, this Court ordered the parties to file supplemental briefing addressing the Louisiana Supreme Court's 2024 decision in *Pickard v. Amazon.com* concerning (1) the LPLA's applicability to Amazon,[19] and (2) whether an online operator storefront may be held liable in Louisiana under the theory of negligent undertaking.[20]

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[21] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[22] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[23] The Court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[24] Indeed, "threadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[25]

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that

---

[19] R. Doc. 37; *Pickard v. Amazon.com, Inc.*, 387 So.3d 515 (La. 2024).
[20] R. Doc. 37.
[21] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[23] *Id.*
[24] *S. Christian Leadership Conf. v. Sup. Ct. of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[25] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).

the pleader is entitled to relief.'"[26] However, "legal conclusions can provide the framework of a complaint, [if] they [are] supported by factual allegations."[27] "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[28] "Although detailed factual allegations are not required," "[d]ismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[29] Whether a plaintiff "will be able to offer sufficient proof to support [his or her] claims is more appropriate in the context of a motion for summary judgment or a trial on the merits" rather than in a motion to dismiss.[30] "[I]ntensive disputes of material fact . . . are usually more appropriate for summary judgment . . . ."[31]

## LAW AND ANALYSIS

### III.    Plaintiff fails to allege a negligent undertaking claim in Count 2 and that claim will be dismissed with prejudice.

#### A.    The parties' arguments.

Plaintiff brings a negligence claim against Amazon for failing to exercise reasonable care in screening, marketing, and distributing defective products, failing to monitor and remove products subject to safety complaints and/or recall, and failing to warn consumers of known fire hazards.[32] Plaintiff argued in her original opposition to the motion to dismiss that she has brought a negligence claim based on the Defendant's failure to protect consumers because federal consumer protection laws, specifically the

---

[26] *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).

[27] *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

[28] *Iqbal*, 556 U.S. at 679.

[29] *Cutrer v. McMillan*, 308 Fed.Appx. 819, 820 (5th Cir. 2009) (per curiam) (citations omitted).

[30] *Smith v. GE Healthcare, Inc.*, No. 3:19-CV-00492, 2019 WL 4565246, at *7 (W.D. La. 2019).

[31] *Dong Phuong Bakery, Inc. v. Gemini Soc'y, LLC*, No. CV 21-1109, 2022 WL 898750, at *5 (E.D. La. 2022).

[32] R. Doc. 24 at pp. 4-6.

Consumer Product Safety Act,[33] can inform the duty and breach elements of a Louisiana negligence claim, even when those federal statutes do not themselves create private causes of action.[34] Plaintiff argued the duty to screen, monitor, delist hazardous items, and report safety information are consistent with the "duty concept embraced" in *Merrell v. 1st Lake Properties, Inc.*[35] and *George V. Hobby Lobby Stores, Inc.*[36] Defendant responded that the LPLA provides the exclusive theory of recovery against a manufacturer or seller for alleged harm caused by a product and Plaintiff cannot pursue a negligence claim in addition to, or in the alternative to, her LPLA claim.[37]

At the Court's request, in their supplemental briefing the parties addressed a case from the Western District of Louisiana, *Pickard v. Amazon.com, Inc.*[38] In *Pickard*, the decedent, Archie Pickard, purchased a rechargeable battery charger on Amazon's online marketplace from a third-party seller.[39] The product was shipped to Amazon's warehouse and the order was fulfilled through Amazon's website.[40] Amazon took physical custody of the item, controlled the transaction, packaged the item, and delivered the item.[41] Shortly after Mr. Pickard received the battery, the device caught fire and burned down his home causing his death.[42] Because there were two unsettled questions of law, the Western District of Louisiana submitted two questions to the Louisiana Supreme Court:

> Under Louisiana products-liability law, is the operator of an online marketplace a "seller" of third-party products sold in its marketplace when the operator did not hold title to the product but: (i) had physical custody of the product in its distribution warehouse; and (ii) controlled the process

---

[33] 15 U.S.C. §§ 2051-2089.
[34] R. Doc. 29 at p. 4.
[35] 717 F.Supp.3d 512 (E.D. La. 2024).
[36] 769 F.Supp.3d 537 (E.D. La. 2025).
[37] R. Doc. 30 at p. 2.
[38] R. Doc. 37; *Pickard v. Amazon.com, Inc.*, 2024 WL 4884428, at *1 (W.D. La. 2024).
[39] *Pickard v. Amazon.com, Inc.*, 2024 WL 4884428, at *1 (W.D. La. 2024).
[40] *Id.* at *2.
[41] *Id.*
[42] *Id.*

of the transaction and delivery through its product fulfillment program?[43]

Under what circumstances, if any, would the operator of an online marketplace who voluntarily adopts safety procedures for the products sold through its website by third-party sellers, be liable for injuries sustained by the purchaser of a defective product based on a theory of negligent undertaking?[44]

The Louisiana Supreme Court answered the first certified question by determining when an online marketplace operator is a "seller" for purposes of exclusivity under the LPLA.[45] The Louisiana Supreme Court relied on La. R.S. 9:2800.53 which provides, "a manufacturer includes a seller in two circumstances: (1) when the seller exercises control over a characteristic of the product's design, construction, or quality; and (2) when the seller imports and distributes products of a foreign manufacturer if the seller is the manufacturer's alter ego."[46] The Louisiana Supreme Court held that "under the LPLA, the operator of an online marketplace is a 'seller' of third-party products sold in its marketplace when the operator did not hold title to the product but: (i) had physical custody of the product... and (ii) controlled the process of the transaction and delivery."[47] The Louisiana Supreme Court also held that Amazon, as the seller of a foreign manufacturer's product, exercised control and possession over the product and is considered a "seller" under the LPLA's statutory language.[48]

The Louisiana Supreme Court's answer to the first certified question clarified that Plaintiff has a cause of action against the Defendant under the LPLA. The answer to the second certified question affects the Plaintiff's negligence cause of action.

---

[43] *Id.* at *3.
[44] *Id.*
[45] *Pickard v. Amazon.com, Inc.,* 387 So.3d 515, 523 (La. 2024).
[46] La. R.S. §§ 9:2800.53(1)(b), (d); *Pickard,* 387 So.3d at 519.
[47] *Pickard,* 387 So.3d at 523.
[48] *Id.* at 522-23.

**B.     Plaintiff fails to allege a negligent undertaking claim.**

In Plaintiff's supplemental briefing addressing *Pickard*,[49] Plaintiff appears to have abandoned her consumer protection-based argument in favor of an argument that in Count 2 she has brought an action against the Defendant for negligent undertaking. To the extent that Plaintiff did not abandon her consumer protection-based argument, the Court finds that any such claim is subsumed by Plaintiff's Count 1 claim under the LPLA because it seeks damages that stem from an allegedly defective product.

Plaintiff now argues that in Count 2 she has brought a negligent undertaking claim against Amazon, as authorized by *Pickard*.[50] The Western District's second certified question to the Louisiana Supreme Court asked whether the operator of an online marketplace, which voluntarily adopts safety procedures for the products sold through its website by third-party sellers, may be liable for injuries sustained by the purchaser of a defective product based on a theory of negligent undertaking.[51]

In its response to the certified question, the Louisiana Supreme Court explained that a claim of "'negligent undertaking' is based on the assumption of a duty."[52] The Louisiana Supreme Court found that Louisiana's Civil Code does not specifically address the assumption of a duty by one who otherwise owes no duty to act.[53] The Court noted that, for assumption of a duty, Louisiana has adopted the Restatement of Torts Second, Section 324A to define the standard for negligent undertaking.[54]

The Restatement of Torts Second, § 324A provides:

One who undertakes, gratuitously or for consideration, to render services to

---

[49] R. Doc. 43.
[50] *Id.* at pp. 2-3.
[51] *Pickard v. Amazon.com, Inc.*, 2024 WL 4884428, at *3 (W.D. La. 2024).
[52] *Pickard,* 387 So.3d at 524.
[53] *Id.*
[54] *Id.*

another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if (a) his failure to exercise reasonable care increases the risk of such harm, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.[55]

The Louisiana Supreme Court explained the two step analysis of the Restatement of Torts Second §324A. First, the court must determine whether the defendant assumed a duty to render services it should recognize as necessary for the protection of a third person.[56] Second, the plaintiff "must prove one of the following: (a) defendant's failure to exercise reasonable care increased the risk of harm to the plaintiff, (b) defendant undertook to perform a duty owed by another to plaintiff, or (c) plaintiff's harm was suffered because plaintiff or the person who originally had the duty relied on defendant to perform the duty."[57] The court explained that mere concern or minimal contact about safety matters, superior knowledge and expertise regarding safety issues, or non-mandatory inspections and safety recommendations are not sufficient to constitute an assumption of duty.[58]

Plaintiff argues *Pickard* establishes that an online marketplace operator may assume a duty to protect the consumer and may be held liable for negligently performing the undertaken duty.[59] Plaintiff argues in her supplemental memorandum in opposition to the motion to dismiss that Defendant: "a. Operates and controls an online marketplace platform; b. Implements policies for screening and monitoring products; c. Maintains procedures for removing unsafe or recalled products; d. Facilitates distribution of

---

[55] Restatement (Second) of Torts § 324A (1965).
[56] *Pickard,* 387 So.3d at 524-25.
[57] *Id.* at 525.
[58] *Id.*; *see also Bujol v. Entergy Servs., Inc.,* 922 So.2d 1113, 1133-34 (La. 2004).
[59] R. Doc. 40 at p. 1.

products through its platform; and e. Failed to remove or prevent distribution of a product later subject to a recall."[60] Importantly, these statements are found in Plaintiff's argument in opposition to the motion to dismiss but are not allegations found in Plaintiff's Second Supplemental and Amending Complaint.[61]

In Pickard, the Louisiana Supreme Court held that one who does not have a duty to act may assume such a duty by acting.[62] The Louisiana Supreme Court requires that the assumption of a duty be "an affirmative or positive undertaking."[63] There is no allegation in Plaintiff's Second Supplemental and Amending Complaint that Defendant affirmatively or positively assumed the duty to evaluate, identify, remove, or warn customers about unsafe products on its marketplace and failed to exercise reasonable care in the performance of that duty. However, even if Plaintiff had made such an allegation, to allege a cause of action for negligent undertaking, she would also need to allege that: (a) Defendant's failure to exercise reasonable care increased the risk of harm to her, (b) Defendant undertook to perform a duty owed by another to her, or (c) her harm was suffered because she relied on Defendant to perform the duty.[64] No such allegations are found in Plaintiff's Second Supplemental and Amending Complaint.

The Plaintiff has failed to allege a cause of action for negligent undertaking against Defendant and Count 2 will be dismissed with prejudice.

## IV.   Defendant's Motion to Dismiss Plaintiff's request for declaratory relief in Count 3 will be granted as duplicative of the relief requested in Count 4 redhibition.

La. Civ. Code art. 2004 provides that any contract clause that, in advance, excludes

---

[60] *Id.* at pp. 2-3.
[61] R. Doc. 24.
[62] *Pickard,* 387 So.3d at 524.
[63] *Id.* at 525.
[64] *Id.*; *see also Bujol v. Entergy Servs., Inc.,* 922 So.2d 1113, 1129 (La. 2004).

or limits the liability of one party for intentional or gross fault that causes physical injury to the other party is null. In Count 3, Plaintiff alleges that Amazon "may attempt to rely on terms of sale, disclaimers, or limitation-of-liability clauses to argue that Plaintiff waived any right to sue for damages caused by the defective product."[65] Amazon argues Plaintiff included Count 3 in the Second Amended Complaint in an unnecessary attempt to preserve her right to challenge any contractual limitation Defendant raises as a defense.[66] Defendant argues the proper time for Plaintiff to raise this argument is in response to a contractual limitation defense asserted by the Defendant either on a motion for summary judgment or at trial.

The Declaratory Judgment Act, 28 U.S.C. § 2201, "[confers] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."[67] A declaratory judgment is not a substantive cause of action, but rather "a remedy available to a litigant who can point to an existing right that the Court has jurisdiction to enforce."[68] In *Landscape Design & Const., Inc. v. Transp. Leasing/Contract*,[69] the court held that, because the parties asserted substantive claims that placed at issue the same determinations for which they sought declaratory judgments, separate declaratory judgments were not necessary and therefore dismissed them.[70]

Adjudication of Plaintiff's LPLA claim will resolve the issues of whether the Plaintiff waived any right to sue for damages caused by the allegedly defective product and whether any contractual clause attempts to exclude or limit the liability of one party

---

[65] R. Doc. 24 at p. 6.
[66] R. Doc. 28-1 at p. 6.
[67] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).
[68] *Fisher v. Beers*, 2014 WL 3497572, at *4 (E.D. La. 2014).
[69] 2002 WL 257573, at *10 (N.D. Tex. 2002).
[70] *Id.*

for physical injury to the other. Plaintiff's request for a declaration that an unidentified contractual provision is null is duplicative of the determinations to be made in resolving Plaintiff's redhibition claim. Because the substantive redhibition claim at issue requires resolution of the same issues that Plaintiff seeks to establish through a declaratory judgment, a separate declaration is not necessary. Defendant's motion to dismiss Count 3 will be granted.

## V. Plaintiff's redhibition claim in Count 4 is plausibly alleged and the Defendant's Motion to Dismiss will be denied.

### A.    The parties' arguments.

Plaintiff asserts a Louisiana state-law redhibition claim against Amazon for selling a product containing a redhibitory defect at the time of sale.[71]

In its Motion to Dismiss, Amazon argues Plaintiff has failed to state a claim upon which relief may be granted because she has not set forth factual allegations that will entitle her to relief on her claim for redhibition.[72] Specifically, Amazon asserts Plaintiff failed to allege any express or implied warranty attributable to Amazon; failed to allege that Amazon had actual or constructive knowledge of a defect at the time of sale; and failed to allege that Amazon was given notice of the defect and an opportunity to repair, which are prerequisites for rescission against a good-faith, non-manufacturer seller.[73] Accordingly, Amazon maintains Count 4 should be dismissed.[74]

In opposition, Plaintiff argues she has adequately pleaded the elements of a redhibition claim by alleging the Baseus Power Bank contained a defect existing at the

---

[71] R. Doc. 24 at pp. 7-8.
[72] R. Doc. 28-1 at pp. 7-11.
[73] *Id.* at pp. 7-11.
[74] *Id.* at p. 13.

time of sale that rendered the product unfit and dangerous, the defect caused the product to self-destruct, and she is entitled to economic remedies such as rescission and refund of the purchase price.[75] Plaintiff contends her allegation that Amazon acted as a seller or distributor within the chain of distribution is sufficient at the pleading stage.[76] Plaintiff further asserts she has plausibly alleged Amazon acted as a bad-faith seller by having actual or constructive knowledge of the defect through customer complaints, returns data, similar incidents, and continued marketing of the product, and that a subsequent Consumer Product Safety Commission recall supports the plausibility of those allegations.[77] Finally, Plaintiff maintains that pre-suit notice and opportunity to repair should be excused in this case because the Baseus Power Bank was destroyed as a result of the defect, it posed an immediate safety hazard, and the defect could not feasibly be cured. She argues the essential elements for redhibition are adequately alleged to survive a motion to dismiss.[78]

In reply, Amazon responds that Plaintiff has failed to plead the required elements of redhibition under the Louisiana Civil Code.[79] Amazon emphasizes that Plaintiff does not identify any specific express or implied warranty attributable to Amazon, does not allege concrete facts showing Amazon had actual or constructive knowledge of a defect at the time of sale, and does not allege compliance with—or a legally recognized excuse from—the notice and opportunity-to-repair requirement applicable to good-faith sellers.[80] Amazon further argues that Plaintiff's allegations of fraud, bad faith, and

---

[75] R. Doc. 29 at pp. 6-9.
[76] *Id.* at pp. 7-8.
[77] *Id.* at pp. 8-9.
[78] *Id.* at pp. 8-9.
[79] R. Doc. 30 at pp. 2-3.
[80] *Id.* at p. 3.

knowledge are conclusory and unsupported by factual detail, and that a post-sale recall cannot establish presale knowledge.[81] Because it maintains Plaintiff has not plausibly alleged the necessary elements for rescission or refund, Amazon maintains the redhibition claim fails as a matter of law.[82]

**B.    Plaintiff's redhibition claim is plausibly alleged.**

Under La. Civ. Code art. 2520, which appears in Chapter 9 of Title VII of Book III of the Civil Code, provides:

> The seller warrants the buyer against redhibitory defects, or vices, in the thing sold.
>
> A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtain rescission of the sale.
>
> A defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect limits the right of a buyer to a reduction of the price.

Further, La. Civ. Code art. 2545, also contained in Chapter 9 of title VII of Book III of the Civil Code, provides:

> A seller who knows that the thing he sells has a defect but omits to declare it, or a seller who declares that the thing has a quality that he knows it does not have, is liable to the buyer for the return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing, and also for damages and reasonable attorney fees. If the use made of the thing, or the fruits it might have yielded, were of some value to the buyer, such a seller may be allowed credit for such use or fruits.
>
> A seller is deemed to know that the thing he sells has a redhibitory defect when he is a manufacturer of that thing.

Courts applying the LPLA have concluded "[t]o the extent that … damage is compensable

---

[81] *Id.* at pp. 2-3.
[82] *Id.*

in redhibition, it is not damage under the [LPLA]."[83] Courts have also concluded that "generally, economic loss claims by buyers fall under redhibition, and personal injury claims fall under the LPLA."[84]

To assert a claim in redhibition, Plaintiff must plausibly allege that "(1) the seller sold the thing to [her] and it is either absolutely useless for its intended purpose or its use is so inconvenient or imperfect that, judged by the reasonable person standard, had [she] known of the defect, [she] would never have purchased it; (2) the thing contained a non-apparent defect at the time of sale; and (3) the seller was given an opportunity to repair the defect."[85] However, under La. Civ. Code art. 2522, the third element—opportunity to repair—need not be alleged if Plaintiff plausibly alleges Amazon was in bad-faith because it had knowledge of the defect or the product has been destroyed.[86]

Applying these principles, the Court concludes that Plaintiff has plausibly alleged a claim for redhibition. Plaintiff alleges the Baseus Power Bank spontaneously ignited in her vehicle only days after purchase, destroying the product and rendering it unfit and dangerous for its intended purpose as a portable charger.[87] Accepting these allegations as true and drawing reasonable inferences in Plaintiff's favor, the complaint plausibly alleges a defect existed at the time of sale rendering the product so useless, unsafe, and inconvenient that a reasonable buyer would not have purchased it had she known of the defect. Those allegations are sufficient, at the pleading stage, to satisfy the redhibitiory defect and the "would-not-have-bought" elements of redhibition.

Amazon's contention that Plaintiff has failed to identify a specific warranty

---

[83] *Safeco Ins. Co. of Am. V. Chrysler Corp.*, 834 So.2d 1026, 1046 (La. App. 3 Cir. 2002).
[84] *TruSouth Oil, LLC v. Burlington Ins. Co.*, 2012 WL 4483465, at *5 (W.D. La. 2012).
[85] *Johnson v. CHL Enters.*, 115 F. Supp. 2d 723, 728 (W.D. La. 2000).
[86] La. Civ. Code art. 2522.
[87] R. Doc. 24 at pp. 7-8.

attributable to Amazon is not persuasive in this context. Redhibition is grounded in the Civil Code's provision of an implied warranty against redhibitory defects; Plaintiff is not required to plead particularized warranty language. Amazon argues its lack of knowledge concerning the redhibitory defect warrants dismissal at this early stage. Plaintiff alleges that "Amazon had constructive and actual knowledge of the defect before the sale yet failed to remove the listing, warn purchasers, or stop fulfillment from its warehouses."[88] Plaintiff further alleges that Amazon maintained and had access to product returns data, customer complaints, and similar incident information reflecting overheating and fire risk.[89] Plaintiff also alleges that Amazon continued to market and fulfill orders for the product notwithstanding this information, and that a subsequent CPSC recall confirmed that the type of charger at issue presented a fire hazard.[90] These pleaded facts are sufficient at the motion to dismiss stage to support a reasonable inference that Amazon had constructive and/or actual knowledge of a redhibitory defect.

Amazon also argues that Plaintiff's claim fails because she did not plead that Amazon was given notice of the defect and an opportunity to repair before suit, or a recognized excuse from those requirements. Plaintiff, however, alleges that Amazon had constructive and/or actual knowledge of the presence of a defect derived from customer complaints, safety notices, and product-return data concerning the Baseus Power Bank. As noted above, La. Civ. Code art. 2522 excuses the opportunity to repair requirement when the seller is alleged to have knowledge of the defect.[91] Plaintiff's allegations that Amazon had constructive and/or actual knowledge of the redhibitory defect excuse the

---

[88] *Id.* at p. 2.
[89] *Id.* at pp. 2-3.
[90] *Id.*
[91] La. Civ. Code art. 2522.

need to plead pre-suit notice and opportunity to repair.

Moreover, Plaintiff alleges the defect in the Baseus Power Bank manifested in a sudden fire that destroyed the battery and created an immediate safety hazard to Plaintiff and her minor children.[92] At this stage, those allegations plausibly support an inference that pre-suit repair was impracticable or futile and the product's destruction and dangerous condition independently excused strict compliance with the notice and opportunity to cure requirements applicable to good-faith sellers.[93]

Finally, Amazon argues that, to the extent Plaintiff "seeks recovery for personal injury or other damages arising from the battery pack, that claim is subsumed and barred by the LPLA."[94] Plaintiff does not seek damages for personal injury under Count 4. Instead, she acknowledges her personal injury damages must be pursued under the LPLA.[95] Plaintiff alleges that "[b]ecause Defendants failed to disclose the defect and continued selling the product, Plaintiff is entitled to: a. Rescission of the sale; b. Refund of the purchase price; c. Compensatory damages for all resulting harm; and d. Reasonable attorneys' fees and litigation costs pursuant to La. C.C. [a]rt. 2545."[96] Because Plaintiff alleges that Amazon had knowledge of the defect, she may seek "the return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing, and also for damages and reasonable attorney fees."[97] At this stage, the Court will not preclude

---

[92] R. Doc. 24 at pp. 2-3.
[93] *Molbert Brothers Poultry & Egg Co., Inc. v. Montgomery*, 261 So.2d 311 (La. App. 3 Cir. 1972).
[94] R. Doc. 28-1 at p. 7.
[95] R. Doc. 29 at p. 7.
[96] R. Doc. 24 at p. 8.
[97] La. Civ. Code. art. 2545.

Plaintiff from seeking damages potentially available under Civil Code art. 2545.[98]

Accordingly, taking the factual allegations as true and drawing all reasonable inferences in Plaintiff's favor, the Court finds that Plaintiff has stated a plausible claim for redhibition against Amazon. Amazon's motion to dismiss Count 4 will be denied.

## VI. Defendant's Motion to Dismiss Counts 5 and 6 will be denied as moot because these counts do not set forth causes of action.

The Defendant seeks to dismiss Plaintiff's Count 5 – Negligence Per Se Based on Consumer Product Safety Act (15 U.S.C. § 2064(b) et seq.) – and Count 6 – Deceptive and Unfair Trade Practices (Predicate for Fraud). Defendant argues Plaintiff has acknowledged in her Second Amended Complaint that she is not bringing claims against Amazon under these counts but is merely alluding to violations of these acts "as evidence supporting" Amazon's liability.[99] In her opposition to the motion to dismiss, Plaintiff acknowledges the CPSA and FTC Act do not provide private rights of action for damages but argues violations of these acts may be "evidence of Amazon's duty, breach, knowledge, and bad faith in support of Louisiana negligence, LPLA, redhibition, and fraud-based theories."[100] Because Counts 5 and 6 do not set forth causes of action, Defendant's motion to dismiss Counts 5 and 6 will be denied as moot.

## VII. Defendant's Motion to Dismiss Count 7 – Magnuson Moss Warranty Act (15 U.S.C. § 2301 et seq.) will be denied.

Defendant's motion to dismiss Count 7 is based solely on its argument that Plaintiff

---

[98] The seller who knows the vice of the thing that he sells and omits to declare it is answerable to the buyer in damages. In addition to restitution of the purchase price and repayment of expenses, including reasonable attorney's fees, the bad faith seller is answerable for other damages. La. Civ. Code art. 2545. Under the proper circumstances, those damages can include nonpecuniary damages for mental anguish, aggravation, and inconvenience. *Landaiche v. Supreme Chevrolet, Inc.*, 602 So.2d 1127, 1132 (La. App. 1 Cir. 1992).

[99] R. Doc. 28-1.

[100] R. Doc. 29 at p. 11.

has failed to adequately allege a Louisiana redhibition claim.[101] Because the Court will deny Defendant's motion to dismiss Count Four, the Court also will deny Defendant's motion to dismiss Count 7.

**CONCLUSION**

Accordingly,

**IT IS ORDERED** that Amazon's motion to dismiss is **DENIED** as to Counts 4 and 7.

**IT IS FURTHER ORDERED** that Amazon's motion to dismiss is **GRANTED** as to Counts 2 and 3 and those counts are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Amazon's motion to dismiss is **DENIED AS MOOT** as to Counts 5 and 6.[102]

**New Orleans, Louisiana, this 9th day of April, 2026.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[101] R. Doc. 28-1 at p. 11.
[102] To the extent Plaintiff does make any claim for damages under these statutes, those causes of action are dismissed.